The next piece on the wall is 5-16-4, 5.7, People vs. Quality. May it please the Court, Counselor, my name is Lawrence Amino and I represent Darius Holiday  This is a direct appeal following a jury trial where Mr. Holiday was found guilty of two counts of aggravated battery for having shot two people in a city park, causing bodily harm. At trial, one of the complainants, Develle Johnson, testified that Mr. Holiday and another man had approached him and his friend that night in the park and accused them of harassing Johnson's female cousin. An argument ensued. Johnson ran and was shot in the leg and thigh. A bullet also struck another man in the park. Mr. Holiday's defense was that Johnson had misidentified him as the shooter during the brief fleeting moments of the shooting. I have raised three issues in this appeal. With the Court's indulgence, I will first address argument two. In argument two, I ask this Court to reverse Mr. Holiday's conviction and remand for a new trial because a purported Facebook photograph of Mr. Holiday admitted into evidence was not properly authenticated to show that the purported Facebook photograph belonged to Mr. Holiday or that he was responsible for this particular photograph. Was there any objection to that? No, Your Honor, there was not. At trial, the complaining witness, Develle Johnson, testified that his cousin told him the name of the person who shot him. Johnson then searched online and found a purported Facebook photograph of Mr. Holiday. Johnson identified People's Exhibit 2 with photographs of Mr. Johnson he had discovered on Facebook. The photograph was admitted and published to the jury. The photograph depicts Mr. Johnson holding a gun in his left hand, pointing it at the camera, that Johnson contended Mr. Holiday shot him with, and that he was wearing the same clothes, similar clothes that the shooter was wearing. He was right-handed? He was left-handed, Your Honor. A surveillance video showed that the shooter was left-handed, and in this picture, the purported photograph of Mr. Holiday, he was holding the gun in his left hand. The omission of this photograph was improper because no evidence was presented to authenticate that the Facebook photograph belonged to Mr. Holiday and he was responsible for it. A Facebook photograph, profile, or message is considered a document for admissibility purposes. Before a document may be admitted, the proponent of the evidence must show that the item is what its proponents claim. Generally, such an authentication is done through the testimony of a witness who has sufficient personal knowledge to satisfy the court that the item is what its proponents claim it to be. Courts in Illinois have just recently begun to address the unique issues associated with authenticating social media communications. Creating a Facebook account is easy. Thus, concerns arise over authentication because anyone can create a fictitious Facebook account and masquerade as another person. Consequently, the potential for fabricating or tampering with electronically stored information is high and poses challenges to authenticating evidence. People versus Kent, a 2017 case out of the 2nd District, is one of the only published opinions in Illinois on this issue. And the Kent court noted that the ease with which a social media account can be fabricated or tampered with means that more than a simple name and photograph are needed to sufficiently link a communication to the purported author. Here, there was insufficient evidence, no evidence to show that this Facebook photograph belonged to Mr. Holiday and he was responsible for posting this photograph. As mentioned, defense counsels failed to object to the omission of the Facebook photograph without a proper foundation, which constituted ineffective assistance of counsel. First, counsel's failure to object to the lack of foundation evidence was objectively unreasonable. The Facebook photograph was a central part of the State's case and there was no reasonable strategic reason to not require the State to lay a proper foundation and try to keep the photograph out of evidence. As noted, the photograph was extremely prejudicial. The prosecutor repeatedly emphasized the photograph in closing argument. Again, the photograph showed a purported photograph of Mr. Holiday with a gun in his left hand. Mr. Holiday was left-handed. The surveillance video showed that the shooter was left-handed. He was wearing similar clothes in the photograph that Johnson testified that was similar to the shooter's. It was also objectively unreasonable for counsel not to require the State to lay the foundation and point out the unique and difficult issues associated with authenticating social media communications. Counsel should have required the State to show how easy or should have presented evidence to show how easy it is to fabricate or tamper with the social media communication and then could have argued and cast doubt on the State's claim that Mr. Holiday was responsible for the photograph and that someone else had actually fabricated and tampered with the photograph to depict Mr. Holiday. Instead, counsel's acquiescence to the admission of the photograph foreclosed that argument and allowed the State to present this damaging and prejudicial evidence with no question as to whether Mr. Holiday was responsible for it. Therefore, counsel's decision to not object and was objectively unreasonable and not a manner of trial, sound trial strategy. It was imperative on reasonable counsel to try to keep this photograph out of evidence because it was so extremely prejudicial and damaging. Moreover, Mr. Holiday was prejudiced by counsel's failure to require the State to lay a proper foundation as required under the second prong of the Strickland standard for an effective assistance of counsel because there is a reasonable probability that the outcome of the trial would have been different had the Facebook photograph been found inadmissible. As noted, the Facebook photograph was a key component of the State's case and the prosecutor repeatedly emphasizes in closing arguments. Therefore, there is a reasonable probability that the outcome of the trial would have been different had counsel not added yes to the admission of the photograph for a lack of foundation. And therefore, the trial counsel was ineffective, provided ineffective assistance of counsel. Was that because counsel stripped in a stipulation? Well, that's the argument, Your Honor. It was unreasonable under these circumstances with this evidence so damaging and so prejudicial that it was unreasonable for counsel to stipulate to that evidence. It should have required reasonable counsel to require the State to lay a proper foundation. And then counsel could have put out, could have argued and presented, fleshed out the difficulty it is to properly authenticate social media communication and show that it was easily, could be easily fabricated or tampered with. And that could have, would have cast a doubt to the jury as to whether Mr. Holiday was actually responsible for the photograph or whether somebody else had tampered with, photoshopped or some other way of manipulating the photograph to make it appear like Mr. Holiday. Counsel's acquiescence is simply unreasonable under these circumstances considering the damaging and prejudicial impact of that evidence. Because once counsel entered the stipulation, counsel wasn't willing to object because they've already entered the stipulation. Well, right. I mean, it was unreasonable to enter into the stipulation. But under these circumstances, one, both because it's so damaging, and secondly, it's very difficult, as courts recognize, to properly lay a foundation for social media communications to establish that it wasn't fabricated, tampered with, and so on and so forth. So counsel should have fleshed that out and then made an argument that it wasn't, Mr. Holiday wasn't responsible for posting this photograph. Rather than simply acquiesce and let this extremely damaging evidence come in without any counter-argument or challenge it as being a photograph that Mr. Johnson posted, Mr. Holiday posted, rather than it being fabricated or tampered by somebody else. Briefly, I'd like to switch to argument three. And that's his court to reverse Mr. Holiday's conviction and demand for a new trial because the prosecutor enlisted in a prior consistent statement of the complaining witness, Johnson, to bolster his credibility. Again, the main witness was the complainant of Al Johnson. Johnson testified that he discovered a photograph of Mr. Johnson, Mr. Holiday, on Facebook, and that the person in the photograph was the person who shot him, and he's holding a gun, was used in the shooting, and he's wearing similar clothes as the shooter. I ask your honors to reverse the conviction and demand for a new trial. Thank you. May I please? May I please court, counsel? My name is Sharon Shanahan, and I represent the people of the state of Illinois. Before I begin, I want to make sure that counsel for the defendant in this court has received the state's motion to cite additional authority. That sounds familiar. Did we grant that? No, I just want to know if you received it. I want to know if you received it. So I cited it. You served the? Served him. When was that? Did you get it? I received it. Was that recently? Yes. I didn't receive it, but I know of it. It was filed yesterday? Oh, that's why I didn't receive it. Yeah, yeah. It was in my office. So I was not in court yesterday. Justice Welch, do you want someone to go check on that? No. I guess all I want to know is it applies specifically to this Facebook issue and defendant's argument in his reply brief about the Facebook art. So would the court's permission? Did you serve a copy of this? Yes, Your Honor. On the? We e-filed it and only sent a courtesy file directly to the office yesterday. I have not seen it, Your Honor. It looks like you're going to have to argue the case without it then. Okay. That's fine. I don't think it said? No, if you want, you can. Since you didn't, we haven't ruled on it probably. And so once we rule on it, we could give you, if we grant, then we could give you seven days to argue and then you get seven days to respond. Is that? There will be five minutes. Okay. Thank you. Okay. When I get to that point, I'll just kind of basically maybe give a brief allusion to it. I mean, I shouldn't say that. It's basically in our opening brief, but I expand upon it in response to the defendant's reply brief. So let's talk about Facebook. Let's talk about stipulations. Here is the exact language that is in the record in the common law and was read into the record in the transcripts. The parties hereby stipulate to the foundation regarding a page containing three photographs of the defendant. The parties have agreed that all writing will be removed from said page and that testimony regarding the contents of said writing will be barred. To the extent testimony is adduced regarding the origin of the photograph, the people's witnesses will be instructed only to state that it came from a Facebook page possibly believed to be that of the defendant. That's the stipulation. So it's stipulating very, very specifically, stipulating to the foundation of the Facebook page. Now, our Supreme Court, I think every case I've cited in this issue is a Supreme Court case, but I'll go specifically to People v. Bush. Once the parties stipulated, the need to lay a foundation no longer existed. Once the defendant stipulates to evidence, he waives the necessity of providing the requisite foundation with that opinion. Foundation is, after all, evidence or testimony that establishes the admissibility of other evidence. If the defendant raised a timely objection to the admission of the expert's opinion, the State would have had the opportunity to cure the alleged defect by providing the necessary foundation. This is the Illinois Supreme Court, People v. Bush, talking about how if you stipulate the foundation, then it's a done deal. You don't go any farther. In fact, again, Supreme Court in People v. Harvey, a defendant's invitation or agreement to procedure, later challenged on appeal, goes beyond mere waiver. It's estoppel. And so to permit the defendant, again, this is People v. Harvey, to permit a defendant to use the exact ruling or action procured in the trial court as a vehicle for reversal on appeal would offend all notions of fair play and encourage defendants to become duplicitous. Now, in the defendant's opening brief, he never mentions the stipulation. Not one time he says, and I'm quoting from defendant's brief, that the claim of ineffective assistance is to the improper admission of the Facebook evidence, defense brief 26, the failure to move, excuse me, the failure to move to exclude inadmissible evidence. The State did not present an adequate foundation for the admission of the purported Facebook photo and defense counsel's failure to object was ineffective. That's the argument in the opening brief. No mention of the stipulation. Entirely different things. The opening brief says that it was improperly admitted, that it's inadmissible evidence. It's not inadmissible evidence. It can be. In fact, if there's anything that the defendant's argument proves in this case, it's that you can provide foundation for Facebook. Maybe it's not easy, but it can be done. What about that language? It's curious to me. Possibly believed to be the Facebook page of the defendant. Is that what the stipulation was, possibly believed? Did I go back a bit? Yes. Nonetheless, it says that they were stipulating to the foundation regarding the page. And the stipulation, of course, is read to the jury, so they know about the fact that it's possible. But my point here is, and this is where I allude to what was in the motion to cite additional authority, there is no argument that trial counsel was ineffective for failing, excuse me, for stipulating to this Facebook page. There is no argument. He argued that it was improperly admitted. He argues that it is invisible evidence. He argues that there is inadequate foundation. He does not say anywhere that trial counsel was ineffective for stipulating. Now, you can't raise a whole new claim in a reply brief, and the State said that in its answer brief. Nonetheless, aside from, despite the fact that he never mentions this stipulation, despite the fact that he never says that counsel was ineffective for stipulating, he does raise the issue in the reply brief. Counsel's stipulation to the Facebook photos and failure to object was objectively unreasonable. How? Excuse me. In the reply brief, counsel says the stipulated evidence and the lack of foundation evidence are related. How? And if so, if they're related, why wouldn't you discuss that in the opening brief when the State would have known exactly what issue you are? He has not, excuse me, the defendant has established that foundation can be made for social media. So how can you say that no reasonable strategy would have encompassed this? Moreover, we've got, just want to very briefly say here, we do have not just the Facebook photo. We have the defendant, excuse me, the victim who testified in court, who identified the defendant from a photo ID, who testified in court that he had no doubt whatsoever that the defendant was the person who shot at him, and we have another person that was there who also said the defendant had shot at him. So I think that takes us out of ineffective assistance of counsel, even if you address it, but you can't raise a new issue in a reply brief. And this Maxwell case that counsel cites in the reply brief, this goes directly to the motion to cite additional authority, says that, well, he can if it grows out of and is responsive to the State's claim that the issue is waived. Well, People v. Sicardo strongly criticizes that Maxwell holding and cites a whole bunch of cases that disagree with it. And it simply is not a logical thing to say that this is a, that it grew out of, and basically are we saying that if counsel on his opening brief is sloppy and overlooks something, and then when the State points out, well, you've said there's no foundation, but here's the foundation, here's the stipulation, that you can say, oops, my bad, and argue this. You can't raise the issue. Thank you, Your Honor. Your Honors, counsel is correct that the way the issue was framed in my opening brief was that it was ineffective assistance of counsel for not objecting challenge to the admission of the Facebook photograph without prior authentication. That argument was based on the, and I did narrow the claim of ineffective assistance of counsel in the reply brief by stating that it was ineffective for not, for stipulating. I believe, as counsel mentioned, I rely on this Maxwell case in my reply brief that an issue may be raised in the reply brief if it is related to or flows out of the response to the brief of the State in its brief. And I believe that that's the case here. In the opening brief, it's alleged ineffective assistance of counsel for not challenging this admission of the Facebook photograph. That was based on two reasons. One, that the evidence was just so, we won't see evidence more overwhelmingly damaging to a defendant than the evidence of a photograph of a picture of the defendant with a gun that the victim identified as being the gun that he was shot with, wearing the same clothes and with a gun in his left hand, which corroborated the surveillance video. It was unreasonable. There's a reasonable standard on counsel's decision whether to stipulate to something. Under these circumstances, it was totally unreasonable. The second reason that counsel was ineffective, it was objectively unreasonable, is that it's news, the authentication of Facebook communications and photographs. But the law is unsettled on that. The courts talk about the concerns over a proper foundation for this evidence because anybody could create a Facebook photograph and masquerade as somebody else. This creates unique problems for foundation. And counsel's decision to acquiesce to that and stipulate to the evidence was objectively unreasonable, which was raised in the reply brief that it was related to the claim of ineffective assistance of counsel in the opening brief. So I ask Your Honors to consider my claim that was submitted, fleshed out better in the reply brief that counsel was ineffective for stipulating to the evidence under these circumstances due to the extreme prejudice of the photograph and due to the fact that there's unique challenges regarding laying proper foundations for Facebook photographs. And that counsel acquiesced to it when he could have done a lot more. Reasonable counsel would have done a lot more. Counsel could have shown the difficulty in properly authenticating Facebook photographs and then created and argued and created some kind of doubt in the juror's mind that Mr. Holliday was responsible for this particular photograph. Instead, the stipulation foreclosed any argument and allowed this extremely prejudicial and damaging evidence to come in without any challenge or without trying to create some doubt that Mr. Holliday was responsible for the photograph as opposed to somebody photoshopping, tampering with the photograph or somehow creating this photograph of Mr. Holliday that he was not responsible for. For those reasons, Your Honor, I ask you to reverse the convictions and remand them in the trial. Thank you, counsel. Thank you. We'll recess until... Are we clear on type right for letting in? Yeah. Okay, on the 7 to 7. If you get it in a day or two, then you got 7 on the day you get that. Okay. Okay. Thank you. Until 1.15.